GLADNEY, Judge.
This suit was instituted by Wilson A. Andrews and his wife against H. Y. Tores and his wife as an action of slander of title and is predicated upon an alleged verbal agreement to re-transfer to plaintiffs an undivided one-half interest in one hundred twenty (120) acres of land situated in De Soto Parish, Louisiana.
Plaintiffs ask for a decree in their favor ordering defendants to disclaim title to or to assert such rights as they have against the property with erasure of the inscription of an instrument dated August 2, 1937, wherein plaintiffs transferred to defendants said property with assumption by the grantees of one-half of the balance due on certain vendor’s lien notes. The notes were identified with an act of sale executed on June 13, 1936, in which the Bank of Logansport conveyed to plaintiffs the 120 acres above referred to. Further relief is prayed for condemning defendants to pay plaintiffs $1,500 as damages for slandering their title. In the alternative, plaintiffs ask dissolution of the sale of August 2, 1937, for nonpayment of the purchase price contingent upon restitution unto defendants of the portion of the purchase price paid by them.
Defendants appeared in the suit to assert an exception of no cause or right of action based on the provisions of Article 2275 of the Civil Code relating to the nullity of a verbal sale. Defendants also filed a plea of prescription of ten years. These two pleas were rejected by the court. Defendants then answered to assert they had made substantial payments upon said property; that during their absence in South America for four years preceding March, 1951, plaintiffs were left in complete control of the property with the understanding and belief revenues from said property would be sufficient to pay their indebtedness on the notes; that there was no verbal agreement of forfeiture or abandonment of the property; and that defendants are entitled to an accounting of the rents and revenues derived from said property. In the alternative, defendants pray the revenues heretofore received by plaintiffs from the property be used to offset any amount due by defendants on the purchase price and that defendants’ rights be reserved to sue plaintiffs. for damages occasioned by the cutting of timber and removal of improvements from the property.
After trial there was judgment rejecting the claim of plaintiffs for alleged slander of title, but decreeing the right of plaintiffs to rescind the sale evidenced by the deed dated August 2, 1937, the rescission being subject, however, to the right of defendants to pay plaintiffs $233.24 on or before June 13, 1953, and in default of payment cancellation of the instrument of August 2, 1937, would be effected. The judgment further reserved the right of both parties to demand reimbursement for their other claims against each other.
There appears no- serious dispute as to factual issues. For some time prior to June 13, 1936, plaintiffs and defendants were close friends and because of their work Mr. Andrews and Mr. Tores were almost daily thrown together. In 1936 plaintiffs interested the defendants in the purchase of the property herein involved from the Bank of Logansport and on June 13, 1936, a deed was executed by the bank to plaintiffs conveying the property for a consideration of $1,000. Of this sum $300 was paid in cash and the balance secured by five vendor’s lien notes of $140 each, bearing eight per cent (8%) interest and maturing one, two, three, four and five years after date. Defendants furnished *434 the entire $300 which constituted the cash payment. It was then agreed the parties wo-uld each bear an equal portion of the total consideration and become equal in ownership. At a later date defendants paid $50 more but thereafter made no further payments. On August 2, 1937, plaintiffs ■executed an act of sale in defendants’ •favor for a one-half interest in the property, the deed providing for the assumption ■of one-half of the indebtedness due thereon.
Defendants returned from Venezuela about March 12, 1951, after being in that country for more than four years and for reasons stated in their testimony never recorded the deed dated August 2, 1937, until July 18, 1951. Presumably, the recordation of this deed precipitated the -filing of this suit. Defendants explain their failure to record the deed on the ground they wished plaintiffs to have full authority to exercise control of the property as they had been assured by plaintiffs that sufficient revenue from the property would be forthcoming to provide the credit payments. Prior to the filing of this suit plaintiffs failed to make any demands upon the defendants for their portion of the unpaid balance and at no time offered to account to defendants for revenues the property produced during this long period of time. After their return from Venezuela and following a .telephone conversation with Mrs. Andrews, defendants say they first became concerned over their title and for this reason recorded the deed.
Plaintiffs testified over objection by counsel for defendants that when the 1939 annual note was due, defendants had no money and orally surrendered the property to plaintiffs. After that time plaintiffs say they regarded the property as exclusively theirs, taking complete possession thereof and making improvements thereon. They testified the revenues from said property amounted to approximately $62 and they have paid all taxes on the property since its acquisition.
After appeal to this court plaintiffs filed a plea of estoppel and defendants have answered the appeal to point out to the court that by reason of the appeal they were prevented from complying with the order of the court a quo to pay the balance found due by them on the purchase price o-f the property by June 13, 1953, or suffer a rescission of the sale, and accordingly, they ask this court ta extend the time reasonably.
The following issues are presented for resolution: First, the correctness vel non of the judgment rejecting the alleged slander of title predicated upon an alleged oral agreement of retransfer. Second, a plea of prescription of ten years by the defendants to the demand for rescission upon the non-payment of the purchase price. Third, the right of plaintiffs to demand rescission of the sale of August 2, 1937, because of non-payment of the portion of the purchase price. Fourth, the right of defendants to an extension of time in which to pay the balance due.
We agree with the opinion of the trial court rejecting plaintiffs’ action of jactitation or slander of title. Plaintiffs’ cause of a-ction therefor was predicated entirely upon parol evidence as they did not resort to interrogatories on facts and articles in order to supply the written evidence essential to avoid conflict with Article 2275 of the LSA-Civil Code, requiring every transfer of immovable property to be in writing, provided, however, a verbal sale shall be good against the vendor as well as against the vendee who confesses it when interrogated on oath where actual delivery has been made of the immovable property thus sold. This authority, therefore, is sufficient to preclude a consideration of any testimony to establish the oral agreement alleged by plaintiffs. The objection of counsel should have been sustained. The effect of the objection should have served the purpose of the exception of no cause of action. But admitting, arguendo, the admissibility of the parol evidence offered to prove the verbal agreement, still, when weighed with the other evidence in the case it was not sufficient to prove the point.
The plea of prescription of ten years was urged on the authority of Article 3544 of the LSA-Civil Code. In defendants’ brief we find that this plea has *435 been abandoned, and, therefore, we give it no further attention.
We find the judgment has correctly determined the demand for a rescission of the sale of August 2, 1937, by granting the defendants a period of time in which to pay the balance due on the purchase price and thus avoid the rescission. This is authorized by Article 2562 of the LSA-Civil Code. It does not appear plaintiffs made any written demand upon defendants for the balance due by them on the price prior to the institution of this suit, and because of the friendly and confidential relationship which had always existed between the parties it would be most inequitable to decree an unqualified rescission. Article 2562 provides:
“The dissolution of the sale of im-movables is summarily awarded, when there is danger that the seller may lose the price and the thing itself.
“If that danger does not exist, the judge may grant to the buyer a longer or shorter time, according to circumstances, provided such term exceed not six months.
“This term being expired without the buyer’s yet having paid, the judge shall cancel the sale.”
By application of this article the judge a quo properly granted defendants until June 13, 1953, to make payment of the amount set forth in the judgment. This time having expired prior to a final determination of the cause, we will, under the authority of this article, grant unto the defendants a period of sixty (60) days from the date of the finality of this judgment in order to pay the amount due on account of the purchase price.
Both the plaintiffs and defendants have raised some question as to the correctness of the amount which defendants are ordered in the judgment to pay to plaintiffs. The objections relate only to off-setting claims of the litigants which rights have been expressly reserved in the judgment. We find no reason to disturb the amount due by defendants as set forth in the judgment.
The plea of estoppel filed in this suit is based solely on the assertion by defendants of their title claim derived from plaintiffs. Irrespective of the divergent views of the parties, defendants had the right to record their written evidence of title and determine their legal rights. In the prayer of plaintiffs’ petition it was requested defendants be required “to assert herein such rights as they may have against the property”. There is, therefore, no legal foundation for a plea of estoppel.
It is, therefore, ordered that the judgment from which appealed be amended by granting unto the defendants the period of sixty (60) days after this judgment becomes final, within which to pay into the registry of the court a quo the sum of Two Hundred Thirty-Three and 2%oo ($233.24) Dollars, and costs, except that costs of this appeal should be and are hereby taxed upon plaintiffs and appellants; and, as so amended, the judgment in all other respects is affirmed.